IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MIA MAXWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:23-cv-472-ECM-CWB |
| TUSKEGEE UNIVERSITY, et al., | ) ) ) ) |
| Defendants. | ) ) |

### ORDER

Pending before the court is Plaintiff's Motion for Sanctions (Doc. 42). According to Plaintiff, sanctions are appropriate because Tuskegee University "willfully acted in bad faith by failing to obey both the rules of discovery and the Court's discovery Order." (*Id*. at p 2). As sanctions, Plaintiff requests that the court "prohibit [Tuskegee University] from opposing Plaintiff's claims or introducing any evidence against the claims that the reasons given for Plaintiff's termination were pretext." (Doc. 43 at p. 8). "Plaintiff further requests that the Court find as a matter of law that the reasons given for termination are false and intentionally retaliatory discrimination was the real reason for Plaintiff's termination." (*Id*. at p. 9).

Sanctions under Rule 37 of the Federal Rules of Civil Procedure are wholly discretionary. *See* Fed. R. Civ. P. 37 (stating that the court "may" impose sanctions for failing to obey an order to provide or permit discovery). And a court's discretion to determine what, if any, sanctions are appropriate is particularly broad. *See Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006); *see also Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Although judicial intervention became necessary to assist the parties in navigating the discovery process here, nothing deviated from the norm to such an extent as to warrant an imposition of sanctions—particularly to the case dispositive level requested by Plaintiff. Accordingly, it is **ORDERED** that Plaintiff's Motion for Sanctions (Doc. 42) is **DENIED**.

**DONE** this the 20th day of March 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**