IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MIA MAXWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:23-cv-472-ECM |
| | ) [WO] |
| TUSKEGEE UNIVERSITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiff Mia Maxwell ("Maxwell"), proceeding *pro se*, brings this action against her former employer, Tuskegee University ("Tuskegee"), as well as Reginald Ruffin ("Ruffin"), Tuskegee's Athletic Director, and Kymberly Holland ("Holland"), Tuskegee's Coordinator of Alumni Affairs and Reunion Programs (collectively, "Defendants"). In her amended complaint (the operative complaint), Maxwell brings federal claims against Tuskegee under Title VII of the Civil Rights Act of 1964 for gender-based harassment and retaliation, as well as violations of Title IX. (Doc. 25). Maxwell also brings a defamation claim under Alabama law against Ruffin and Holland.

On August 29, 2025, the Magistrate Judge entered a Recommendation (doc. 78) that Tuskegee's, Ruffin's, and Holland's respective motions for summary judgment (docs. 58, 60, 62) be granted in their entirety. Maxwell timely filed objections to the Recommendation. (Doc. 79). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Maxwell's objections, the Court concludes

that Maxwell's objections are due to be overruled, and the Recommendation of the Magistrate Judge is due to be adopted.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

The Court has carefully reviewed the Magistrate Judge's Recommendation, Maxwell's objections, and the entire record. Regarding her gender-based harassment claim, Maxwell objects to the Magistrate Judge's conclusion that the alleged harassment was not severe or pervasive. Upon *de novo* review, the Court finds that Maxwell failed to

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

2

marshal sufficient evidence from which a reasonable jury could conclude that she was subjected to severe or pervasive gender-based harassment. Ruffin's email comment to Maxwell that "this is going to get ugly" was not gender-based, nor was the Facebook post in which Ruffin commented that certain athletes were still being breastfed by their mothers. Even if those comments were gender-based, the comments, coupled with the other incidents identified by Maxwell, remain insufficient to establish severe or pervasive harassment on this record. Consequently, Maxwell's objection is due to be overruled.

Maxwell also raises numerous objections regarding her retaliation claim, which is premised upon Tuskegee's alleged retaliation in suspending and ultimately terminating her as well as creating a retaliatory hostile work environment. She contends that the Recommendation omitted disputed material facts regarding Tuskegee's refusal to pay her bar application fees, and she further objects to the Recommendation's conclusion that Tuskegee's alleged failure to pay those fees was merely a "petty slight" or "minor annoyance." (Doc. 78 at 19). Upon *de novo* review, the Court finds that Tuskegee's refusal to pay these fees does not amount to an adverse employment action for purposes of a Title VII retaliation claim. Therefore, assuming without deciding that the Recommendation omitted disputed material facts about this claim, such omission was harmless. Therefore, these objections are due to be overruled. Additionally, Maxwell objects to the Recommendation's conclusion that Dr. Rice was neither the final decisionmaker nor influenced the decisions to suspend and ultimately terminate her. Upon *de novo* review, the Court finds that Dr. Rice was neither the final decisionmaker nor influenced the decisions to suspend and terminate Maxwell; therefore, she cannot show that Dr. Rice's

3

alleged retaliatory animus was the but-for cause of her suspension or termination. Additionally, intervening events between her suspension and termination—in particular, the independent investigation[2] which determined that, in violation of Tuskegee's policy,[3] Maxwell failed to report to her supervisor that she had received confidential information—also breaks the causal chain between Maxwell's alleged protected activity and her termination.[4]  The Court concludes that Maxwell has failed to create a genuine dispute of material fact as to whether Tuskegee retaliated against her or created a retaliatory hostile work environment.  Consequently, this objection is due to be overruled.

---

[2] Maxwell also contends that the Magistrate Judge erred in not crediting her version of events, which is that she did not commit the misconduct of which she was accused.  But that is not the applicable standard in Title VII cases.  When this Court "assess[es] whether an employer has properly imposed an adverse action on an employee based on that employee's conduct, the question is not whether the employee actually engaged in the conduct, but instead whether the employer in good faith believed that the employee had done so." *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1148 (11th Cir. 2020) (en banc); *see also Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997) ("The inquiry into pretext centers upon the employer's beliefs, and not the employee's own perceptions of his performance."), *overruled on other grounds by Lewis v. City of Union City*, 918 F.3d 1213 (11th Cir. 2019) (en banc).  The relevant question "is not the wisdom or accuracy of [the employer's] conclusion that [the employee's] performance was unsatisfactory, or whether the decision to fire [him] was 'prudent or fair.'" *Alvarez v. Royal Atl. Devs.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (quoting *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002)).  Instead, the Court's "'sole concern is whether unlawful discriminatory animus motivate[d]' the decision." *Id.* (quoting *Rojas*, 285 F.3d at 1342).  The Eleventh Circuit has cautioned courts to "be careful not to allow Title VII plaintiffs simply to litigate whether they are, in fact, good employees." *Gogel*, 967 F.3d at 1148 (quoting *Alvarez*, 610 F.3d at 1266).  Consequently, this objection is due to be overruled.

[3] Maxwell also cites a document (doc. 68-8) which, according to her, demonstrates that Tuskegee did not have such a policy about reporting receipt of confidential information, and that Tuskegee therefore used her violation of a nonexistent policy as pretext to terminate her.  The Court has reviewed the document and concludes that, even construing it in Maxwell's favor, it does not create a genuine dispute of material fact on her retaliation claim.  Therefore, this objection is due to be overruled.

[4] Maxwell also objects to the Recommendation's finding that she abandoned several allegations in support of her retaliatory hostile work environment claim by not raising them in her summary judgment opposition.  Because the Court concludes that this claim fails on the merits, the Court need not decide whether Maxwell abandoned any allegations.  Consequently, this objection is overruled as moot.

Maxwell also objects to the Recommendation's conclusion that she failed to proffer sufficient evidence in support of her defamation claim. She asserts that Ruffin and Holland made false statements about her and published those statements to a third party. Upon *de novo* review, and for the same reasons stated in the Magistrate Judge's well-reasoned Recommendation, the Court finds that Maxwell has failed to create a dispute of material fact regarding whether Ruffin or Holland defamed her. Consequently, these objections are due to be overruled.

Finally, to the extent Maxwell raises general or conclusory objections, or merely restates the allegations or arguments she previously presented, such objections are insufficiently specific to trigger *de novo* review. The Court discerns no clear error the Recommendation; thus, these objections are also due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1.   Maxwell's objections (doc. 79) are OVERRULED;

2.   The Recommendation of the Magistrate Judge (doc. 78) is ADOPTED;

3.   The motions for summary judgment (docs. 58, 60, 62) are GRANTED, and this case is DISMISSED with prejudice;

4.   All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 25th day of September, 2025.

                                          /s/ Emily C. Marks
                                  EMILY C. MARKS
                                  CHIEF UNITED STATES DISTRICT JUDGE